## Ison v. Cabbell, et al.

(Decided January 28, 1927.)

### Appeal from Pulaski Circuit Court.

Bills and Notes—Indorsement or Delivery of Note for Valuable Consideration to Claimant of Proceeds Thereof Held Not Established.—Indorsement or delivery of note for valuable consideration to claimant of proceeds thereof, deposited to await determination of action between other parties, held not established.

WESLEY & SON for appellant.

DENTON & PERKINS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On August 26, 1919, D. J. Bench conveyed to Dan Swift a tract of land in Pulaski county described as containing 75 acres more or less. The consideration was $3,000.00 cash, and two notes for $750.00 each, due in one and two years respectively. The first of these notes was

paid. On March 27, 1922, Dan Swift conveyed the land to Robert Cabbell and Clara Cabbell, it being again described as containing 75 acres more or less. A survey disclosed that the land contained only 63 acres. This suit was then brought by the Cabbells against Swift and Bench to recover for the deficiency. Prior to the bringing of the suit the remaining $750.00 note due from Swift to Bench was paid, with the understanding that the amount thereof should be left on deposit in the People's Bank of Science Hill to meet the deficiency, if any was adjudged.

Shortly after the action was begun W. M. Ison, Bench's father-in-law, filed a cross-petition in which he alleged that, prior to the maturity of the $750.00 note, Bench, for a valuable consideration, delivered and indorsed the note to him and that he was then the owner thereof and entitled to collect the note and interest. On final hearing his cross-petition was dismissed and Ison appeals.

Ison never acquired any interest in or lien on the note or its proceeds by attachment or other legal proceedings. His sole claim is that he paid a portion of the purchase price of the farm for his son-in-law, with the agreement that the note should be transferred to him and that it was so transferred. As a matter of fact, however, the note does not bear any indorsement or assignment to Ison. Nor does it satisfactorily appear that the note was ever delivered to him as security for the money which he claims to have advanced to his son-in-law. On the contrary, the weight of the evidence is to the effect that the note was in the possession of Bench, who sent it to the bank for collection, and that Ison was never in possession of the note as holder or lienor. It follows that he showed no title to the note or its proceeds, and that the chancellor did not err in so holding.

Judgment affirmed.